**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LOUIS SHEPTIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. CIV-08-32-HE** |
| | ) |
| **SAINT ANTHONY HOSPITAL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

By order [Doc. No. 20] of March 14, 2008, United States District Judge Joe Heaton

granted the motion [Doc. No. 14] by Plaintiff, Louis Sheptin, for appointment of counsel.

On that same date, Judge Heaton directed the undersigned to secure such counsel [Doc. No.

21]. Over the ensuing months, numerous lawyers and law firms were contacted in a diligent

effort to obtain counsel to appear on Plaintiff's behalf; no lawyer, however, has been willing

to accept the appointment.[1]   The undersigned, accordingly, must report that despite an

exhaustive and good faith effort to locate counsel to appear on Plaintiff's behalf, *see Loftin*

*v. Dalessandri,* 3 Fed. Appx. 658, 663 (10th Cir. Jan. 9, 2001), no lawyer has agreed to accept

the appointment. Thus, because "[28 U.S.C.] § 1915(e) does not authorize the district court

to require an unwilling attorney to represent an indigent defendant in a civil case," *id.* (citing

*Mallard v. United States District Court for the Southern Dist. Of Iowa,* 490 U.S. 296, 305

---

[1]Of notable concern to potential Oklahoma counsel was that Plaintiff is incarcerated
in Illinois.

(1989)), and because no willing lawyer has been found, the undersigned recommends that

the order for appointment of counsel [Doc. No. 20] be vacated.

As an additional matter, the undersigned – who granted Plaintiff's motion to proceed

*in forma pauperis* pursuant to 28 U.S.C. § 1915(a) [Doc. No. 7] – has now learned through

Judge Heaton's order appointing counsel [Doc. No. 20] that Plaintiff has accumulated three

strikes under 28 U.S.C. § 1915(g) and, consequently, was not entitled to bring this action *in*

*forma pauperis* without a showing that he was in "imminent danger of serious physical

injury."  28 U.S.C. § 1915(g).  In this regard, the Tenth Circuit has recently stated,

> In order to meet the "imminent danger" requirement, "the harm must be
> imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini,*
> 352 F.3d 328, 330 (7th Cir. 2003).  In other words, allegations of past injury or
> harm are insufficient, *see id.*

*Fuller v. Wilcox,* No. 08-3077, slip op. at *2* (10th Cir Aug. 4, 2008).  With this standard in

mind, the undersigned has reexamined the allegations of Plaintiff's complaint [Doc. No. 1]

as well as the allegations of his Emergency Supplement to Complaint [Doc. No. 8] and has

concluded that with respect to the only two Defendants in this matter, St. Anthony Hospital

and Dr. Ronald Sutor, Plaintiff's allegations are of past injury and, consequently, are

insufficient to satisfy the imminent danger requirement.

Accordingly, it is further recommended that the court vacate the undersigned's order

allowing Plaintiff to proceed *in forma pauperis* [Doc. No. 7] and dismiss this action without

prejudice unless Plaintiff either pays the full $350 filing fee by a date to be established by

the court or demonstrates to the court through objection to this Report and Recommendation

that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation by

August 25, 2008, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.  The parties

are further advised that failure to make timely objection to this Report and Recommendation

waives their right to appellate review of both factual and legal issues contained herein.

*Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).   This Report and Recommendation

disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 5th day of August, 2008.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE